# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:14-CR18-1 (JRT) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR NEW TRIAL** |
| v. | |
| MICHAEL ANTWAIN MODISETT, | |
| Defendant. | |

Brett M. Shasky and Jennifer Klemetsrud Puhl, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 655 First Avenue North, Suite 250, Fargo, ND 58102, for plaintiff.

Reid W. Brandborg, **BRANDBORG LAW OFFICE**, 315 South Mill Street, Fergus Falls, MN 56537, for defendant.

A grand jury indicted Michael Antwain Modisett ("Modisett") with conspiracy to possess with intent to distribute and distribute in excess of 1,000 grams a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. After the Court granted Modisett's motion to withdraw his guilty plea, the case proceeded to trial where a jury convicted Modisett of the superseding indictment. Modisett submitted a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because overwhelming evidence supports Modisett's conviction, he cannot demonstrate ineffective assistance of counsel.

In addition, the record does not reflect government misconduct. As a result, the Court will deny Modisett's motion for a new trial.

## DISCUSSION

### I. STANDARD OF REVIEW

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The district court has broad, but limited, discretion to grant or deny a motion for a new trial based on the sufficiency of the evidence, and it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Vega*, 676 F.3d 708, 722 (8th Cir. 2012) (quoting *United States v. Aguilera*, 623 F.3d 482, 486 (8th Cir. 2010)). But a motion for a new trial should be granted "sparingly and with caution" and "only if the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009).

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Modisett argues the record requires a new trial because Modisett's trial attorney failed to provide effective assistance of counsel. In particular, Modisett asserts his trial attorney failed to subpoena a defense witness and introduce evidence that probationary restrictions prevented Modisett from committing the crime to the extent alleged. But to prove ineffective assistance of counsel, Modisett must show more than that his trial attorney's representation fell below the standards guaranteed by the Sixth Amendment.

*Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). Modisett must also show trial counsel's errors prejudiced Modisett. *Id*. Prejudice exists only where there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court finds it unnecessary to discuss the reasonableness of Modisett's trial counsel's conduct because, given the overwhelming evidence of Modisett's guilt, it would be impossible for Modisett to demonstrate prejudice under *Strickland*. *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) ("When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice."); *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of Reed's guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under *Strickland*."). At trial, the government presented numerous witnesses and other evidence tying Modisett to the conspiracy to distribute heroin. Thus, even in the absence of the alleged attorney errors, the jury would have reached the same result. The Court will, therefore, deny Modisett's motion for a new trial on this ground.

### III. GOVERNMENT MISCONDUCT

Modisett also argues the record requires a new trial because of government misconduct. Citing *Webb v. Texas*, 409 U.S. 95 (1972) (per curiam), Modisett argues the prosecutor's warning to a potential witness that "you're going to get in trouble . . . [if] you get on that stand and . . . lie . . . I can contradict it, I can provide it and then I can

charge you" constituted a personal threat against the potential witness that deprived Modisett of a fair trial. (*See* Def.'s Mem. in Supp. of Mot. for New Trial at 21, Nov. 10, 2016, Docket No. 351-1.)

"It is not improper *per se* for a . . . prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely." *United States v. Risken*, 788 F.2d 1361, 1370 (8th Cir. 1986) (quoting *United States v. Blackwell*, 694 F.2d 1325, 1334 (D.C. Cir. 1982)). Instead, "warnings concerning the dangers of perjury" only rise to the level of depriving a defendant of a fair trial "where they threaten and intimidate the witness into refusing to testify." *Id.* (quoting *Blackwell*, 694 F.2d at 1334). Here, in contrast to *Webb*, the prosecutor's comments constituted a "constitutionally permissible 'mere warning' about the dangers of committing perjury" and did not rise to the level of threatening or intimidating a witness into refusing to testify. *See id.* The Court will, therefore, also deny Modisett's motion for a new trial on this ground.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Modisett's Motion for a New Trial [Docket No. 351] is **DENIED**.

DATED: January 5, 2017  
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court