**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Antwain Modisett, | ) | **ORDER DENYING REMAINING** |
| | ) | **CLAIMS ON MOTION TO VACATE,** |
| Petitioner, | ) | **SET ASIDE OR CORRECT** |
| | ) | **SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:19-cv-00057 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 3:14-cr-00018-01 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Antwain Modisett, | ) | |
| | ) | |
| Defendant. | ) | |

On April 1, 2019, Defendant Michael Antwain Modisett filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Doc. No. 388. After allowing limited discovery and extensive briefing, on March 8, 2021, this Court denied in part three of the five claims Modisett raised in his § 2255 motion. See Doc. No. 450. On the two remaining claims, the Court ordered additional briefing and an evidentiary hearing. Id. The Court held the evidentiary hearing on July 26, 2021. Doc. No. 458. Both parties filed post-hearing briefs on January 14, 2022. Doc. Nos. 468, 469.

As summarized in the Court's prior order (Doc. No. 450), the two remaining claims center on the use of a certified 2003 Minnesota drug possession conviction to enhance Modisett's sentencing range to life under the Controlled Substances Act ("CSA"). Modisett's chief argument is that the Minnesota state law for the 2003 drug possession conviction is categorically broader

than the definition of a "felony drug offense" under the CSA, and as a result, the conviction should not have been used as the basis for the sentencing enhancement that enhanced his sentence to life. More specifically, the two remaining issues are (1) whether Modisett's trial, sentencing, and appellate counsel were ineffective for failing to challenge the 2003 Minnesota conviction and sentencing enhancement on "felony drug offense" and categorical approach grounds, and (2) whether the 2003 Minnesota conviction is categorically broader than the definition of a "felony drug offense" under 21 U.S.C. § 802(44). For the reasons below, the two remaining claims for § 2255 relief are denied.

## I.    DISCUSSION AND ANALYSIS

The Court previously reviewed the extensive factual background of Modisett's case and appeal in detail, and for efficiency purposes, specifically incorporates that factual background for the purposes of this order. See Doc. No. 450. As noted above, the Court held an evidentiary hearing on the two remaining claims at issue. Doc. No. 458. At that hearing, Modisett's trial, sentencing, and appellate counsel each testified as to their strategy in challenging the 2003 Minnesota conviction as a sentencing enhancement. Doc. No. 460. Trial and sentencing counsel testified, and the record accurately reflects, that they each challenged Modisett's 2003 conviction and argued to the Court that the conviction was not a qualifying "felony" conviction, though they admitted they did not challenge the conviction on the grounds that the Minnesota statute of conviction was categorically broader than the CSA. Id. Modisett's appellate counsel also testified and noted that he was limited on appeal to the record created with the district court. Id. He also stated there can be strategic reasons to not raise certain issues on appeal that may be more suited to a § 2255 challenge. Id. Modisett also testified at the hearing. Id.

A.      **Ineffective Assistance of Counsel**

Turning now to the substance of the two remaining claims, as to Modisett's ineffective assistance claim, to merit relief on his ineffective assistance of counsel claims he must meet both prongs of the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a petitioner must first establish that defense counsel's representation was constitutionally deficient, meaning that counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687–88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts must strive to avoid hindsight and second-guessing by viewing the representation from counsel's perspective at the time of the alleged error. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019). There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions counsel made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690; see also United States v. Ngombwa, 893 F.3d 546, 552 (8th Cir. 2018).

To satisfy the second prong, the defendant must demonstrate prejudice resulting from the deficient representation. Strickland, 466 U.S. at 687. Error alone is insufficient to establish prejudice and even an error that had "some conceivable effect on the outcome" will not suffice. Id. at 693. Rather, the petitioner must prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United

States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694).

Here, after careful consideration and research, Modisett's ineffective assistance claim fails to satisfy the first prong of Strickland. By way of review, Modisett alleges his trial, sentencing, and appellate counsel were all ineffective for failing to argue that his 2003 Minnesota conviction was not a predicate "felony drug offense" because the state law of conviction is categorically broader than the CSA. The Court previously noted in its order for an evidentiary hearing on this issue (see Doc. No. 450) that the "categorical approach (and the modified categorical approach, when necessary) applied to the question of whether a prior conviction qualified as a 'felony drug offense.'" Id. However, after additional research and review of the law at the time of Modisett's trial, sentencing, and appeal, the applicability of the categorical approach to a predicate conviction for the purpose of a sentencing enhancement under the CSA was unclear at best.

While not cited by either party, the Court finds Stewart v. United States, 552 F. Supp. 3d 834 (S.D. Iowa 2021) particularly persuasive. In Stewart, the court addressed a strikingly similar "felony drug offense" and ineffective assistance of counsel claim in a § 2255 motion. Id. The defendant in Stewart argued, like Modisett argues here, that his prior state conviction under Illinois law did not qualify as a predicate "felony drug offense" for the purposes of sentencing enhancements under the CSA because the state law of conviction was categorically broader than the CSA. Id.

At its core, the categorical approach is a framework of analysis designed to review prior state convictions against the corresponding federal statute to ensure the state law of conviction is not broader than the analogous federal statute at issue. As noted in Stewart, the categorical

4

approach and its progeny originated from the Armed Career Criminal Act ("ACCA") and the related sentencing enhancements under that specific statute. Id. Importantly though, the United States Supreme Court has not applied the categorical approach to sentencing enhancements under the CSA, which was the statute at issue in Stewart and the statute at issue here. Id. In the absence of direct authority from the United States Supreme Court, the circuit courts have been (and are currently) divided on the question of whether the categorical approach applies to predicate convictions and the related sentencing enhancements under the CSA. Id. The First, Fourth, Fifth, and Ninth Circuits apply the categorical approach, while the Sixth and Tenth Circuits do not. Id. (citing cases). The law in the Eighth Circuit, until quite recently, was unclear. Id. To that end, Stewart reviews the line of Eighth Circuit cases that highlights the confusion of the applicability of the categorical approach to the CSA, starting with United States v. Hawkins, 548 F.3d 1143 (8th Cir. 2008) and United States v. Brown, 598 F.3d 1013 (8th Cir. 2010), and evolving to United States v. Boleyn, 929 F.3d 932 (8th Cir. 2019). Id.

Modisett's trial, sentencing, and appeal spanned the years from 2014-2017. Reviewing the Eighth Circuit cases noted in Stewart, it was not at all clear that the categorical approach applied to predicate convictions forming the basis for sentencing enhancements under the CSA. And this discrepancy in the state of the law and treatment of prior convictions under the CSA at the time of Modisett's trial, sentencing, and appeal casts serious doubt on any argument that trial, sentencing, and appellate counsels' failure to raise the categorical approach challenge fell below an objective standard of reasonableness. After all, "Counsel is not ineffective for failing to raise an argument that was novel at the time of the proceeding, even if later found to be meritorious." See Pierce v. United States, 686 F.3d 529, 533 (8th Cir. 2012). The failure of Modisett's trial, sentencing, and appeal counsel to raise a categorical approach challenge to his 2003 Minnesota conviction, when

it was unclear if the categorical approach even applied to predicate convictions under the CSA, cannot sustain an ineffective assistance of counsel claim.

Given the state of law and on this record, the Court finds that Modisett cannot satisfy the first prong of Strickland and concludes that his trial, sentencing, and appellate counsels' performance did not fall below an objective standard of reasonableness. Accordingly, the Court denies § 2255 relief on the ineffective assistance claim.

**B.    2003 Minnesota Conviction and Categorical Approach**

With the ineffective assistance claim resolved, this leaves Modisett's substantive challenge to the 2003 Minnesota conviction and its use as a predicate "felony drug offense" for a sentencing enhancement under the CSA. While related to the ineffective assistance claim, for his final claim, Modisett argues the Minnesota state law of conviction for the 2003 conviction is categorically broader than the CSA, and as a result, the conviction was not a predicate "felony drug offense" and should not have been used to enhance his sentence to life.

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal, and it is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

The Court previously reviewed the law as it relates to the categorical and modified categorical approach and incorporates those legal standards here. <u>See</u> Doc. No. 450. As discussed at length above, however, whether the categorical approach applied to sentencing enhancements under the CSA at the time of Modisett's trial, sentencing, and appeal is unclear. So, the issue then becomes from what point in time the Court analyzes the prior conviction – said another way, does the Court apply the law in effect at the time of Modisett's case, or does the Court apply the law as it stands today? Modisett, for his part, encourages the Court to apply the law as it stands today and proceed with a categorical (and likely modified categorical) analysis of the 2003 Minnesota conviction. However, after careful consideration, the Court is unwilling to do so.

In the absence of any authority directing federal courts to apply the categorical (and modified categorical) approach retroactively to sentencing enhancements under the CSA,[1] this Court declines to grant Modisett relief as to his substantive challenge to the 2003 Minnesota conviction. While there is no question the law has evolved since the time of Modisett's trial, sentencing, and appeal, the controlling law in this circuit was, again, unclear at best at the time Modisett was sentenced and appealed. Simply because one court (or judge) may now be more receptive to a categorical approach challenge does not mean there has been "a fundamental defect which inherently results in a miscarriage of justice[.]" <u>Hill v. United States</u>, 368 U.S. 424 (1962). Accordingly, because the Court cannot conclude there has been a fundamental defect resulting in a miscarriage of justice, the Court denies Modisett § 2255 relief on his final claim.

---

[1] The Court notes that federal courts, in reviewing prior convictions <u>under the ACCA</u>, especially considering <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), apply a de novo standard of review and are not necessarily constrained to the law as it existed at the time of sentencing. These cases, however, are limited to sentencing enhancements under the ACCA (and not the CSA), and again, the Supreme Court has been clear that the categorical approach does apply to the ACCA. There Court is unaware of any authority applying the same standards of review to sentencing enhancements under the CSA.

On a final note, the Court recognizes the potential strength of Modisett's argument on the substantive categorical approach challenge. To be sure, the underlying documents from the State of Minnesota on the 2003 conviction seem, in this Court's initial view, to be possibly problematic <u>Shepard</u> documents. The United States would be wise to perform a more robust assessment of the underlying state documents when certifying prior convictions for the purposes of sentencing enhancements. All that said, once again, without authority directing this Court to apply the categorical approach retroactively to sentencing enhancements under the CSA, the Court cannot conclude that there has been a fundamental defect resulting in a miscarriage of justice.

## II.    <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law, and Modisett's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 388) is in all things **DENIED**. The matter is hereby **DISMISSED WITH PREJUDICE**. Based upon the entire record, and in this Court's view, dismissal of the § 2255 motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 520-22 (8th Cir. 1997). If Modisett desires further review of his § 2255 motion, he may certainly request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 14th day of June, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court